George P. Angelich
Patrick A. Feeney
**ARENT FOX LLP**
1301 Avenue of the Americas
Floor 42
New York, NY 10019-6040
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
George.Angelich@arentfox.com
Patrick.Feeney@arentfox.com

Justin A. Kesselman (*pro hac vice* pending)
**ARENT FOX LLP**
800 Boylston Street, Floor 32
Boston, MA 02199-7637
Telephone: (617) 973-6100
Facsimile: (617) 367-2315
Justin.Kesselman@arentfox.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CFX US CO., INC., *et al.*,[1]<br><br>                 Debtors. | Chapter 11<br><br>Case No. 22-10022 (DSJ)<br><br>(Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER**
**(I) SCHEDULING HEARING ON CONFIRMATION OF PLAN;**
**(II) FIXING DEADLINE TO OBJECT TO PLAN;**
**(III) APPROVING MANNER OF NOTICE OF COMMENCEMENT,**
**CONFIRMATION HEARING, AND OBJECTION DEADLINE;**
**(IV) APPROVING FORM AND MANNER OF SOLICITATION**
**AND VOTING PROCEDURES; AND (V) GRANTING RELATED RELIEF**

The debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases, by and through their proposed counsel, hereby file this motion (the "Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") (a) scheduling a hearing (the "Confirmation Hearing") on confirmation of the *Chapter 11 Plan of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: CFX US Co., Inc. (5846) and CFX CDO Co., Inc. (1390). The location of the Debtors' service address is: Arent Fox LLP, Attn: George P. Angelich, 1301 Avenue of the Americas, Floor 42, New York, New York 10019.

*Reorganization of CFX US Co., Inc.* (as may be amended, supplemented or otherwise modified from time to time, the "Plan")[2]; (b) establishing the deadline (the "Objection Deadline") to object to the confirmation of the Plan; (c) approving the manner of the notice (the "Notice Procedures") of the commencement of the Debtors' chapter 11 cases, the Confirmation Hearing, and the Objection Deadline (the "Scheduling Notice"); (d) approving the form and manner of solicitation and voting on the Plan (the "Solicitation Procedures"); and (e) granting related relief. The Debtors respectfully states as follows in support of the Motion:

## BACKGROUND

1. On January 11, 2022 ("Petition Date"), the Debtors filed petitions for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate their business and manage their assets as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. Contemporaneously with this motion, the Debtors have filed a motion requesting that this Court jointly administer their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

2. The Company operated a cosmetics and skincare company with a focus on clean, high-performance, vegan, and cruelty-free products. Prior to the COVID-19 pandemic, the Company's products were primarily sold through dedicated cosmetic retailers and department stores, as well as through an e-commerce platform. In 2020 and 2021, Sephora and Ulta, the Company's largest customers, determined they would no longer order product for their brick-and-mortar operations.

---

[2] A copy of the Plan has been filed contemporaneously with this Motion. Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Plan.

2

3.      In August 2021, the Company began to explore strategic alternatives, including a sale of the business. SSG Capital Advisors, LLC ("SSG") was retained to serve as its investment banker. SSG contacted a total of 276 parties. Of those, 38 parties executed NDAs to access the data room maintained by SSG. Ultimately, four parties submitted indications of interest in a potential transaction.

4.      On December 23, 2021, following extensive discussions, negotiations, and diligence with multiple parties, the Company sold the brand, e-commerce platform and inventory to AS Beauty Group, LLC ("AS Beauty") in exchange for: (i) $1 million in cash consideration; and (ii) an earn-out of 7.5% on sales for thirty (30) months (the "AS Beauty Sale"). The Company retained its cash, receivables existing as of the closing, and other assets.

5.      The Debtors commenced these chapter 11 cases to preserve and collect their remaining assets, while the transition to the buyer continues for a period during the pendency of these cases. It will also ensure an orderly and equitable court-supervised process culminating in meaningful distributions to secured and unsecured creditors. The Debtors' success in chapter 11 relies upon the approval of a timeline that ensures all parties-in-interest receive sufficient notice of the commencement of these cases, the proposed Plan, the Objection Deadline, and other significant dates, while also scheduling the Confirmation Hearing.

6.      Additional factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of this chapter 11 case, is set forth in more detail in the *Declaration of Michael Long in Support of "First Day" Motions* (the "Long Declaration") filed contemporaneously herewith.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105, 107, 1126, 1128(a), and 1189 of the Bankruptcy Code, Rules 2002, 3016, 3017, 3018, 3020(b)(1), and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3018-1, 3020-1, 9006-1, and 9018-1 of the Local Bankruptcy for the Southern District of New York (the "Local Rules").

**RELIEF REQUESTED**

8. By this Motion, pursuant to sections 105, 107 1126, 1128(a), and 1189 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020(b)(1), and 9006(c)(1), and Local Rules 3018-1, 3020-1, 9006-1, and 9018-1, the Debtors seeks entry of the Proposed Order: (a) scheduling the Confirmation Hearing for confirmation of the Plan; (b) establishing the Objection Deadline for confirmation of the Plan; (c) approving the Notice Procedures, including manner of the notice of the commencement of the chapter 11 case, the Confirmation Hearing, and the Scheduling Notice; (d) approving the form and manner of the Solicitation Procedures, and (e) granting related relief.

9. The following table highlights the proposed key dates and deadlines relevant to the Notice Procedures and the Solicitation Procedures, and sets forth the Debtor's proposed dates for the mailing of the Scheduling Notice, the Objection Deadline, and the Confirmation Hearing (collectively, the "Proposed Confirmation Schedule"):

4

| Event | Proposed Date/Deadline |
|---|---|
| Petition Date | January 11, 2022 |
| First Day Hearing | [Based on Court's Availability] |
| Solicitation Commencement Date | January 14, 2022 |
| Plan Supplement Filing Deadline | February 17, 2022 at 11:59 p.m. (prevailing Eastern Time) |
| General Bar Date | February 17, 2022 at 11:59 p.m. (prevailing Eastern Time) |
| Voting Record Date | February 17, 2022 at 11:59 p.m. (prevailing Eastern Time) |
| Plan Objection Deadline | February 18, 2022 |
| Voting Deadline | February 18, 2022 |
| Plan Objection Reply Deadline | February 23, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to file proposed confirmation order | February 23, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Deadline to file brief in support of confirmation | February 23, 2022 at 4:00 p.m. (prevailing Eastern Time) |
| Confirmation Hearing | First Available Date On or After February 28, 2022 |

## BASIS FOR RELIEF

**I.    Scheduling the Confirmation Hearing.**

10.    The Debtors seek a Confirmation Hearing to consider approval of the Plan to be held, subject to the Court's schedule, on the first date available on or after February 28, 2022. The Debtors further seek terms in the Proposed Order providing that the Confirmation Hearing may be adjourned from time to time without further notice, other than an announcement of the adjourned date or dates in open court or at the Confirmation Hearing, and that notice will be provided for any such adjourned date(s) on the electronic case filing docket.

11.     Bankruptcy Rules 2002(b) requires that twenty-eight (28) days' notice be given by mail to all creditors and equity interest holders of the time fixed for filing objections to confirmation of a plan of reorganization, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).³  Section 1128(a) of the Bankruptcy Code provides, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  A February 18, 2022 Plan Objection Deadline and February 28, 2022 Confirmation Hearing in these chapter 11 cases will provide more than twenty-eight days' notice and accordingly satisfies the notice provisions set forth in the Bankruptcy Code.  Further, entry of the Proposed Order at this time will ensure that parties-in-interest may be informed as promptly as possible of the anticipated schedule of events for confirmation of the Plan.

12.     This Court and courts in other Districts have found the notice requirements of Bankruptcy Rule 2002(b) satisfied under similar circumstances.  *See*, *e.g.*, *In re Fullbeauty Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 4, 2019); *In re Global A&T Electronics Ltd.*, Case No. 17-23931 (RDD) (Bankr. S.D.N.Y. Dec. 22, 2017); *In re Diesel USA, Inc.*, Case No. 19-10432 (MFW) (Bankr. D. Del. Mar. 8, 2019); *In re Arsenal Energy Holdings LLC*, Case No. 19-10226 (BLS) (Bankr. D. Del. Feb. 6, 2019).

13.     Therefore, the Debtors respectfully request entry of the Proposed Order, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, setting the first date available on or after February 28, 2022, as the date for the Confirmation Hearing.  Because this is a Subchapter V case, the Debtors are not required to file a Disclosure Statement.

---

³   Bankruptcy Rule 2002(b) also provides for 28 days' notice "for filing objections and the hearing to consider approval of a disclosure statement or, under § 1125(f), to make a final determination whether the plan provides adequate information so that a separate disclosure statement is not necessary…"  But in small business debtor cases under subchapter V of chapter 11 of the Bankruptcy Code, § 1125 of the Code does not apply "unless the court for cause orders otherwise."  11 U.S.C. § 1181(b).

**II.     Deadline and Procedures for Objections to the Confirmation of the Plan.**

14.     Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to a plan of reorganization.  Further, Bankruptcy Rule 2002(b) requires at least twenty-eight (28) days' notice be given by mail to all creditors of the time fixed for filing objections to confirmation of a plan of reorganization.  As set forth above, the Debtor's proposed timeline for the Objection Deadline and the Confirmation Hearing satisfies the notice requirements set forth in the Bankruptcy Rules.  Accordingly, the Debtors request that the Court set February 18, 2022 as the Objection Deadline for filing objections to confirmation of the Plan.  The proposed Objection Deadline provides creditors and interest holders with sufficient notice of the deadline for filing objections to the Plan, while affording the Debtors and any parties-in-interest time to file a responsive brief and resolve consensually as many of those objections as possible.

15.     The Debtors further request that the Court direct that any responses or objections to confirmation of the Plan must: (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party, the amount and nature of such party's claim or interest, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with proof of service.  In addition to being filed with the Court, any such responses or objections must be served on the following parties (collectively, the "Notice Parties") so as to be received by the Objection Deadline:  (a) proposed counsel to the Debtors, (i) Arent Fox LLP, 1301 Avenue of the Americas, Floor 42, New York, New York 10019 (Attn: George P. Angelich, Esq. (george.angelich@arentfox.com) and Patrick A. Feeney, Esq. (patrick.feeney@arentfox.com)), and (ii) Arent Fox LLP, 800 Boylston Street, Floor 32, Boston, Massachusetts 02199-7637 (Attn: Justin A. Kesselman, Esq.

([justin.kesselman@arentfox.com)](justin.kesselman@arentfox.com)); (b) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014; (c) the Trustee appointed pursuant to Bankruptcy Code § 1183 (the "Subchapter V Trustee"), once appointed; and (d) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002.

**III.    Approval of Form and Manner of Notice of the Commencement of the Chapter 11 Case, the Confirmation Hearing, and the Objection Deadline.**

16.    The Debtors propose to mail (or cause to be mailed) on the day of the entry of the Proposed Order or as soon as reasonably practicable thereafter, to all known Holders of Claims against or Interests in the Debtor, the Scheduling Notice, substantially in the form annexed as **Exhibit 1** to the Proposed Order, setting forth, among other things, (i) the notice of commencement of the Chapter 11 Case, (ii) the date, time, and place of the Confirmation Hearing, (iii) instructions for obtaining copies of the Plan, and (iv) the Objection Deadline and procedures for filing objections to the confirmation of the Plan.

17.    Bankruptcy Rule 2002(f)(1) provides that notice of "the order for relief" shall be sent by mail to all creditors. Bankruptcy Rule 2002(d) similarly provides that, unless otherwise ordered by the court, notice of the "order for relief" shall be given to all of the Debtor's equity security holders.

18.    The proposed service of the Scheduling Notice will provide sufficient notice to all parties-in-interest in the chapter 11 case of the commencement of such case, the date, time, and place of the Confirmation Hearing, and the procedures for objecting to confirmation of the Plan. Accordingly, the Debtors respectfully request that this Court approve the form and manner of service of the Scheduling Notice as annexed to the Proposed Order as **Schedule 1**.

8

**IV.     Approval of Form and Manner of Solicitation and
         Voting Procedures on the Chapter 11 Plan.**

19.     The Debtors propose the following solicitation and balloting procedures in order to solicit votes on the Plan:

**A.     Establishing Voting Record Date in Parallel with General Bar Date.**

20.     Concurrently with the filing of this Motion, the Debtors have filed the *Application for an Order (I) Setting Bar Dates for Submitting Proofs of Claim, (II) Approving Procedures for Submitting Proofs of Claim, and (III) Approving Notice Thereof* (the "Bar Date Application"). By the Bar Date Application, the Debtors seek to establish (a) **February 17, 2022 at 11:59 p.m. (prevailing Eastern Time)** (the "General Bar Date") as the deadline for each person (as defined in Bankruptcy Code section 101(41)), excluding governmental units (as defined in Bankruptcy Code section 101(27), the "Governmental Units"), to file proofs of claim; and (b) **July 12, 2022 at 11:59 p.m. (prevailing Eastern Time)** (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates") as the deadline for Governmental Units to file proofs of claim.

21.     Pursuant to Bankruptcy Rules 3017(d) and 3018(a), the Debtors must include in the solicitation of votes all creditors and equity security holders, including "holders of stock, bonds, debentures, notes, and other securities of record" as of the date on which the order approving the disclosure statement is entered, or another date fixed by the court, for cause, after notice and a hearing.  Because the Debtors are not filing a disclosure statement in these chapter 11 cases, the Debtors request that the Court establish **February 17, 2022** as the Record Date (the "Voting Record Date") for purposes of determining which creditors are entitled to vote on the Plan and which non-voting creditors and interest holders are not.

9

**B** **Non-Voting Parties**

22. Certain classes of claims may not be entitled to vote to accept or reject the Plan. Classes that are not impaired under a plan are conclusively presumed to have accepted the plan and do not need to be solicited. *See* 11 U.S.C. § 1126(f). Additionally, classes that will receive no distributions under a plan are conclusively deemed to have rejected the plan, and also do not need to be solicited. *See* 11 U.S.C. § 1126(g). For those classes, the Debtors proposed to distribute to each member of those classes the notice of non-voting status (the "Non-Voting Notice" attached to the Proposed Order as **Schedule 2**. The Non-Voting Notice will accompany the Scheduling Notice and will inform members of those classes of the impaired or unimpaired status of their claims, as well as their entitlement to opt-in to third party releases (the "Opt-In").

23. The Debtors' proposed Plan treats each class of claims (and, correspondingly, permits or forbids each such class from voting to accept or reject the Plan) as follows:

| Class | Treatment | Entitled To Vote |
|---|---|---|
| Class 1 – Other Priority Claims | Unimpaired | No (Deemed to Accept) |
| Class 2 – MOLAGERS Secured Claims | Impaired | Yes |
| Class 3 – Other Secured Claims | Unimpaired | No |
| Class 4 – General Unsecured Claims | Impaired | Yes |
| Class 5 – Subordinated Unsecured Claims | Impaired | Yes |
| Class 6 – Interests | Unimpaired | No (Deemed to Accept) |

**C.** **Approval of Form of Ballot**

24. The Debtors are required to mail a form of ballot to accept or reject the Plan to creditors and equity security holders who are entitled to vote to on the Plan. Fed. R. Bankr. P. 3017(d). The Debtors propose to distribute to creditors entitled to vote on the Plan one or more ballots, substantially in the form attached as **Schedule 3** to the proposed Order. The form for this ballot is based on Official Form No. 314, with additional modifications and information

10

tailored to these Chapter 11 Cases that the Debtors find relevant and appropriate to the classes entitled to vote to accept or reject the Plan, including an option to opt-in to third party releases.

### D.    Approval of Voting Deadline and Procedures for Vote Tabulation.

25.    Pursuant to Bankruptcy Rule 3017(c), on or before approval of a disclosure statement, a court shall fix a time within which the holders of claims or equity security interests may accept or reject the relevant plan of reorganization. Fed. R. Bankr. P. 3017(c). Notwithstanding that the Debtors do not need to file a disclosure statement in this subchapter V proceeding, in accordance with Bankruptcy Rule 3017(c), the Debtors request that the Court enter an order requiring (a) any ballots accepting or rejecting the proposed Plan and (b) any Opt-Ins be properly executed, completed and delivered so as to be actually received by the Debtors' counsel by **February 18, 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline"). This Voting Deadline, which provides a solicitation period of 35 days and runs concurrently with the period for objections to the Plan, will provide sufficient time for creditors to evaluate the Plan, make an informed decision to accept or reject it, and to submit their ballots or Opt-Ins in a timely manner. The Debtors' proposed Voting Deadline should be approved.

26.    Pursuant to section 1126(c) of the Bankruptcy Code, a class of claims has voted to accept a Plan only if at least two-third in amount and more than one-half in number of allowed claims within said class has voted to accept the Plan. 11 U.S.C. § 1126(c). Bankruptcy Rule 3018(a) provides that the Court may temporarily allow a claim or interest, after notice and a hearing, in a particular amount solely for purposes of accepting or rejecting a chapter 11 plan. The Debtors propose that, solely for solicitation purposes, the amount of a claim or interest used to tabulate acceptance or rejection of the proposed Plan be either:

11

a. The non-contingent, undisputed, and liquidated claim amount as listed in Debtors' schedules of liabilities, provided that the creditor has not filed a proof of claim or interest;

b. If the creditor has filed a proof of claim or interest, the liquidated amount specified in that proof of claim or interest timely filed with the Court (or otherwise deemed timely filed by the Court under applicable law), to the extent that the proof of claim or interest is not the subject of an objection; or

c. the amount temporarily allowed by the Court for voting purposes only by the Court.

Such amount of a claim or interest shall not be used for purposes of allowance or distribution, and the Debtors reserve all rights in regard to the amount of such claims or interests in any other context. If a claim holder casts a ballot and the entirety of such creditor's claim is the subject of an objection to said claim filed before the Voting Deadline, the Debtors request that such voter's ballot not be counted. If a voter casts a ballot and part of such voter's claim is the subject of an objection filed before the Voting Deadline, the Debtors request that such voter's ballot be treated as a claim for voting purposes only to the extent of the remaining amount of the claim not subject to any objection. Pursuant to Bankruptcy Rule 3018(a), a voter may seek to vote in a higher amount upon seeking authority from the Court to do so following notice and a hearing. The Debtors also request that voters who have filed proofs of claim in unliquidated or unknown amounts (and are not subject to an objection filed before the Voting Deadline) have their claims temporarily allowed for voting purposes only in the amount of $1.00 per claim.

The Debtors request that the following voting procedures and standard assumptions ("Tabulation Rules") be used in tabulating ballots:

(a) Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and to supersede any prior ballots;

(b) A creditor must vote all of its claims within a class either to accept or reject the Plan and may not split its vote;

12

(c) If a ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another acting in a fiduciary or representative capacity when signing, then unless otherwise determined by the Debtors, on request of the Debtors and prior to the ballot being counted, such signatory must submit proper evidence satisfactory to the Debtors of its authority to act on behalf of a holder of claims;

(d) The Debtors, in their discretion, subject to contrary order of the Court, may (i) waive any defect in any ballot at any time, either before or after the close of voting, and without notice, and (ii) reject any and all ballots not in proper form, if the Debtors deem in their opinion that acceptance of such ballots would not be in accordance with the Bankruptcy Code. Except as provided below, unless the ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their discretion, reject such ballot as invalid and, therefore, decline to utilize it in connection with confirmation of the Plan by the Court;

(e) Unless otherwise ordered by the Court, all questions as to the validity, form, eligibility (including time of receipt), and revocation or withdrawal of ballots will be determined by the Debtors, in their discretion, which determination shall be final and binding;

(f) Any ballot that is executed but that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall be deemed to constitute a vote in favor of the Plan;

(g) Any ballot that is ineligible, contains insufficient information to permit the identification of the claimant or is not signed will not be counted;

(h) Unless waived, any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Debtors or the Court determine. Neither the Debtors nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted; and

(i) Any vote purportedly cast on behalf of a class of creditors will not count for voting purposes unless and until the class is certified by the Court pursuant to a class proof of claim to which no objection has been filed, or if an objection has been filed to such a proof of claim, which has been temporarily certified in an allowed amount for purposes of voting.

The Debtors submit that the proposed Tabulation Rules and other related vote tabulation procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

27. The Debtors seek a hearing on this Motion and entry of the proposed Order on an expedited basis. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." The Debtors and their professionals are working to collect accounts receivable and other cash equivalents; complete the transition of the "Cover FX" brand to AS Beauty; investigate and potentially pursue causes of actions; and implement a plan for the orderly reconciliation and payment of allowed claims. The Debtors' secured creditor has agreed to a limited amount of funding for the Debtors to effectuate an orderly process to collect the Debtors' assets, fund the administration of the case, reconcile claims, and pay creditors, and as part of the process have agreed to a carve-out distribution for general unsecured creditors under the Plan. The Debtors believe that delays in implementing the proposed process and timeline will ultimately prejudice the Debtors' creditors by allowing less time for creditors to evaluate the Plan and sacrificing distributions for increased administrative expenses. A hearing on this Application on an expedited basis will ensure that this timeline and the Debtors' chapter 11 cases are not disrupted, that the Debtors' constituencies receive maximum notice of issues affecting their substantive rights, and that Debtors' resources are optimized and inure to the benefit of those constituencies. The timeline is consistent with the goals and objectives of subchapter V of chapter 11 of the Bankruptcy Code and ensuring access to a streamlined and cost-effective process. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support granting the relief requested herein.

### WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

28. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

### NOTICE

29. Notice of this Application has been provided to: (a) the Office of the United States Trustee; (b) the Subchapter V Trustee, once appointed; (c) the Debtors' 20 largest unsecured creditors; and (d) any party that has requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. The Debtors respectfully submit that notice has been adequate for the relief requested.

### NO PRIOR REQUEST

30. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein, substantially in the form of **Exhibit A**, and such other and further relief as is just and appropriate.

15

Dated: New York, NY  **ARENT FOX LLP**
January 11, 2022

By: */s/ George P. Angelich*
George P. Angelich
Patrick A. Feeney
1301 Avenue of the Americas
Floor 42
New York, NY 10019-6040
Tel: (212) 484-3900

Justin A. Kesselman (*pro hac vice* pending)
800 Boylston Street, Floor 32
Boston, MA 02199-7637
Tel: (617) 973-6100

*Proposed Counsel for the Debtors and Debtors-in-Possession*